FILED

March 31, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:35 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Jacquet McWherter, | ) | Docket No. 2016-06-0523 |
| **Employee,** | ) | |
| v. | ) | State File No. 25019-2015 |
| Centurion Products, Inc., | ) | |
| **Employer,** | ) | Judge Joshua Davis Baker |
| And | ) | |
| Amerisure Insurance Company, | ) | |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This claim came before the Court on March 15, 2017, on the Request for Expedited Hearing filed by Jacquet McWherter. The focus of this case is whether Mr. McWherter is likely to prevail at a hearing on the merits in proving he is entitled to medical and temporary disability benefits for an alleged right foot injury. Centurion Products, Inc. argues Mr. McWherter's alleged injury did not arise primarily out of the course and scope of employment. For the reasons below, the Court holds Mr. McWherter is unlikely to prevail at a hearing on the merits in proving his entitlement to the requested benefits.

## Claim History

Mr. McWherter alleged a tow motor ran over his right foot while working at Centurion on March 25, 2015. Centurion provided him medical treatment with Concentra that day. At Concentra, a physician's assistant, Terrie Wheeler, noted "mild swelling" of Mr. McWherter's right foot and described him as exhibiting "no acute distress." She described his injury as "minor," noting "no deformity," "no erythema," and "no ecchymosis." X-rays of his right foot were negative for a fracture or break. She advised Mr. McWherter to take Ibuprofen and "return to regular duty" after consulting with a primary care physician about unrelated "excessive drowsiness."

At the hearing, Gary Grona, Safety Manager, testified Mr. McWherter did not appear to be in pain or distress when he transported him to Concentra for treatment. In fact, he said Mr. McWherter fell asleep in the waiting room. He said he is familiar with a Centurion employee who was injured by a tow motor and said it was "one of the most serious injuries [he has] ever seen."

Jose Chavez, Personnel Manager for Centurion, testified he did not see swelling, lacerations, abrasions, or bruising when Mr. McWherter removed his sock and boot on the day of the alleged injury. He recalled, "[Mr. McWherter] said he was in pain, but his expression was not showing any pain." Mr. Chavez observed Mr. McWherter standing, which he did not expect due to the alleged mechanism of injury. He estimated a tow motor weighs between seven and eight thousand pounds. Further, he observed Mr. McWherter ambulating normally at work in the weeks after the injury without any cane or orthotic devices.

In his testimony, Mr. McWherter alleged a tow motor ran over the top of his right foot. He said the tow motor "left a black mark on [his] toe" and resulted in swelling, pain in his right foot, and limping. When cross-examined about the lack of noticeable injury to his foot that day, Mr. McWherter said, "I saw a tire track on my foot. I still see it every now and then, a little tire track mark."

Medical records introduced into evidence indicated Mr. McWherter suffers from conditions causing swelling and limping, including cellulitis, toe and skin infections, deep tissue infections, and athlete's foot on his right foot. Only months prior to his alleged injury, in September 2014, a medical record from Southern Hills Medical Center indicated Mr. McWherter was "seen here a few months ago and was diagnosed with athlete's foot." In 2010, he was treated for swelling in his right foot due to athlete's foot. When questioned about his prior medical history, Mr. McWherter repeatedly responded that he could not remember. At times, he directed defense counsel during cross-examination to "move on."

In September 2016, two years after the diagnosis of athlete's foot in his right foot and a few weeks before requesting a hearing in this case, Mr. McWherter sought an orthotic boot from St. Thomas Hospital for his right foot due to "chronic right foot pain" for two years. Medical staff noted that Mr. McWherter refused a physical examination of his foot; he refused to answer questions; and he strictly wanted an orthotic boot. In the record, he was described as being "vague" and a "very poor historian." Staff wrote, "He does not remember the name and number of the previous doctor from 2 months ago." While he did not wear an orthotic boot during the hearing, he intermittently used a walking cane when approaching the witness stand and podium.

## Findings of Fact and Conclusions of Law

Mr. McWherter has the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, Mr. McWherter must present evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Workers' Compensation Law defines an "injury" as an "injury by accident . . . arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14).

Certain characteristics are indicative of credibility and reliability, such as self-assuredness, calmness, steadiness, confidence, forthcoming responses, and reasonableness. *Kelly v. Kelly,* 445 S.W.3d 685, 694-95 (Tenn. 2014). Here, Mr. McWherter was hesitant, evasive, defensive, and argumentative. He interrupted both defense counsel and witnesses and continually mumbled his responses in cross examination, directing defense counsel to "move on" when he did not want to answer. Other times, his recalcitrant demeanor and unresponsiveness motivated defense counsel to move on voluntarily. Many of Mr. McWherter's answers were unreasonable, such as claiming to see a tire track on his foot and forgetting facts inconvenient to his claim.

Furthermore, the remaining evidence, including the medical records and testimony of supervisors, undermines Mr. McWherter's claim that the tow motor ran over his foot. A medical examination conducted shortly after the incident revealed only mild swelling. Additionally, Mr. Chavez saw Mr. McWherter's foot immediately after the accident and noticed nothing unusual. Also, Mr. Grona observed him to be relaxed, even sleepy, during the drive to Concentra. The Court finds both these witnesses credible, and the Court finds it difficult to believe that a machine estimated to weigh more than seven thousand pounds caused only mild swelling upon running over Mr. McWherter's foot.

In the end, the Court does not find Mr. McWheter to be a credible witness. In consideration of his lack of credible testimony, the credible testimony of his supervisors and the lack of any objective findings of injury, the Court holds Mr. McWherter is unlikely to prevail at a hearing on the merits in proving he suffered a work-related injury. The Court, therefore, denies his claim for medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. McWherter's request for workers' compensation benefits is denied.

2. This matter is set for a Scheduling Hearing on Monday, April 24, 2017, at 9:30 a.m. (CDT). This hearing will take place via telephone. The parties must dial 615-741-2113 or 855-874-0474 toll-free to participate in the hearing.

**ENTERED THIS THE 31ST DAY OF MARCH, 2017**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Medical records
2. Affidavit of Jacquet McWherter
3. Wage statement
4. First report of injury
5. Affidavit of Gary Grona with attachments
6. Affidavit of Jose Chavez with attachments
7. Affidavit of Joseph George with attachments

Technical Record:

1. Petition for benefit determination
2. Dispute certification notice
3. Request for expedited hearing
4. Centurion's response to request for expedited hearing
5. Centurion's witness and exhibit list
6. Centurion's filing of evidence and table of contents
7. Centurion's supplemental filing of evidence
8. Centurion's supplemental response brief

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the  31st  the day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Addresses |
|------|---------------|---------|-----------|-----------|
| Jacquet McWherter | X | | X | 215 Tanglewood Ct.<br>Nashville, TN 37211<br>Fredjones182@gmail.com |
| Stephen Morton, Attorney for Employer | | | X | Stephen.morton@mgclaw.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

6